**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:17-cv-02875

MARCHESHA HUMPHREY,

   Plaintiff,

v.

BHFC FINANCIAL SERVICES INC.,

   Defendant.

**COMPLAINT**

NOW COMES the Plaintiff, MARCHESHA HUMPHREY ("Plaintiff"), by and through her attorneys, SULAIMAN LAW GROUP, LTD., complaining of the Defendant, BHFC FINANCIAL SERVICES INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendant's violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C. §227, 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the District of Colorado and Defendant's conduct harmed Plaintiff in this District.

## PARTIES

4. Plaintiff is a consumer and natural person over 18-years-of-age, who at all times relevant, resided in the District of Colorado.

5. Defendant is a foreign limited liability company with its principal place of business located at 7017 North 56th Avenue, Glendale, Arizona 85301 and Defendant's registered agent, Richard R. Reed, Jr., is located at the same address.

## DEFENDANT'S COLLECTION CALLS TO PLAINTIFF'S CELLULAR PHONE

6. At all times relevant, Plaintiff was financing a vehicle through Defendant and incurred debt ("subject debt") as a result.

7. At the time Plaintiff acquired the vehicle, her mother was listed as a reference for Plaintiff in order to purchase the vehicle.

8. Plaintiff is employed on a contractual basis and experiences periods when she is out of work.

9. After incurring the subject debt, Plaintiff lost her employment and has been having difficulty making payments to Defendant on time.

10. When Plaintiff was late in making payments, Defendant called her mother from telephone number 602-548-1615.

11. Plaintiff's mother would most frequently receive calls from an account representative for Defendant named Kimberly.

12. In June 2017, Plaintiff spoke with a representative of Defendant named Lisa and demanded that Defendant cease placing calls to her mother's phone since she was not the one who would be paying the subject debt.

13. Shortly thereafter, Plaintiff began receiving numerous collection calls on her cellular phone from Defendant.

14. At all times relevant, Plaintiff was the sole subscriber, owner, and operator of a cellular telephone with an assigned number ending in 0144. Plaintiff has always been financially responsible for her cellular phone and its services.

15. In July 2017, Plaintiff answered a call from Defendant and spoke with Kimberly who was calling to collect the subject debt.

16. Plaintiff asked Defendant why it was placing so many calls to her cellular phone.

17. Kimberly apologized on behalf of Defendant and admitted that Defendant utilizes an Automated Telephone Dialing System, which is why Plaintiff was receiving so many calls.

18. Plaintiff then demanded that Defendant cease placing calls to her cellular phone.

19. When the calls from Defendant connected during the calls Plaintiff spoke with a live agent, there was an audible click from the receiver indicating that the call was placed using an automatic telephone dialing system ATDS as defined by 47 U.S.C. §227(a)(1).

20. When Plaintiff answered the calls, she also experienced a noticeable pause, lasting approximately two to three seconds in length, before a live representative began to speak.

21. Defendant continued to place calls to Plaintiff's cellular phone even after she demanded that the calls cease.

22. Often times when Plaintiff would not answer Defendant's unwanted calls after she revoked consent to be contacted on her cellular phone, Plaintiff would receive calls to her cellular phone from agents of Defendant in an attempt to deceive Plaintiff into answering Defendant's calls.

23. Despite Plaintiff's request that the calls cease, Defendant continued to call Plaintiff on her cellular phone.

24. Defendant placed no less than 30 calls and sent no less than 50 text messages to Plaintiff's cellular phone using an ATDS since July 2017 to the present day.

25. The frequency of Defendant's calls to Plaintiff's cellular phone has severely disrupted Plaintiff's everyday life and general well-being.

26. Defendant's phone harassment campaign was highly upsetting and inconvenient to Plaintiff and has caused Plaintiff actual harm, including but not limited to, invasion of privacy, the aggravation that accompanies unwanted telephone calls, emotional distress, increased usage of her cellular phone services and utility services (power), reduced battery life, diminished space for data storage on her cellular phone, distraction while Plaintiff was at work during periods she was able to secure a contract, and increased risk of personal injury resulting from the distraction caused by the harassing and excessive collection calls.

27. As a result, Plaintiff was forced to expend time and energy to retain counsel as a result of Defendant's conduct and has incurred attorney's fees.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

28. Plaintiff restates and realleges paragraphs 1 through 33 as though fully set forth herein.

29. The TCPA prohibits calling persons on their cell phones using an automatic telephone dialing system ("ATDS") without their consent. 47 U.S.C. §227(b)(1)(iii).

30. The TCPA defines ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

31. Upon information and belief, based on the pause and lack of prompt human response during the calls Plaintiff answered, Defendant used a predictive dialing system to place calls to Plaintiff's cellular phone numbers.

32. "A predictive dialer is equipment that dials numbers and, when certain computer software is attached, also assists [caller] in predicting when an [agent] will be available to take calls. The hardware, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers." *Meyer v. Portfolio Recovery Associates, LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012).

33. "When evaluating the issue whether equipment is an ATDS, the statute's clear language mandates that the focus must be on whether the equipment has the *capacity* 'to store or produce telephone numbers to be called, using a random or sequential number generator.' Accordingly, a system need not actually, store, produce, or call randomly or sequentially generated telephone numbers, it need only have the capacity to do it." *Satterfield v. Simon & Schuster, Inc.,* 569 F.3d 946, 951 (9th Cir. 2009).

34. The Federal Communications Commission ("FCC") has determined that predictive dialing systems are a form of an automatic telephone dialing system. *Id.*

35. Defendant violated the TCPA by placing no less than 30 calls and sending no less than 50 text messages to Plaintiff's cellular phone numbers between July 2017 and the present day, using an ATDS, without her consent.

36. Whatever consent Defendant had to contact Plaintiff on her cellular phone was revoked on no less than 2 separate occasions.

37. As pled above, Plaintiff was substantially harmed by Defendant's collection calls and texts to her cellular phone.

38.     Pursuant to 47 U.S.C. §227(b)(3)(B), Defendant is liable to Plaintiff for a minimum of $500 per call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to treble damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

WHEREFORE Plaintiff, MARCHESHA HUMPHREY, requests that this Honorable Court:

a.  Declare Defendant's phone calls to Plaintiff to be violations of the TCPA;

b.  Award Plaintiff damages of at least $500 per phone call and treble damages pursuant to 47 U.S.C. §227(b)(3)(B)&(C); and

c.  Award any other relief this Honorable Court deems equitable and just.

**Plaintiff demands trial by jury.**

Dated: December 1, 2017                                          Respectfully submitted,

/s/ Marwan R. Daher                                              /s/ Omar T. Sulaiman
Marwan R. Daher, Esq.                                            Omar T. Sulaiman, Esq.
*Counsel for Plaintiff*                                          *Counsel for Plaintiff*
Sulaiman Law Group, Ltd.                                         Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200                            2500 South Highland Avenue, Suite 200
Lombard, IL 60148                                                Lombard, IL 60148
Telephone: (630) 575-8181 ext. 109                               Telephone: (630) 575-8181 ext. 108
mdaher@sulaimanlaw.com                                           osulaiman@sulaimanlaw.com